UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY MUTUAL FIRE INSURANCE COMPANY,
LIBERTY INSURANCE CORPORATION, THE FIRST
LIBERTY INSURANCE CORPORATION, LM
INSURANCE CORPORATION, LIBERTY MUTUAL
MID-ATLANTIC INSURANCE COMPANY, LIBERTY
COUNTY MUTUAL INSURANCE COMPANY, LM
PROPERTY and CASUALTY INSURANCE COMPANY,
SAFECO COMPANY OF INDIANA, and AMERICAN
STATES INSURANCE COMPANY,

**Docket No.:**
17-CV-6313 (ILG)(CLP)

                                                 Plaintiffs,

    -against-

WOODSIDE CHEMISTS, INC.,
RONIKA SONI, LAM C. QUAN, M.D., LEONID
REYFMAN, M.D., LEONID LITOVSKIY, P.A. ROBERT
B. LANTER, D.O., MAXIM TYORKIN, M.D., PERICLES
S. HADJIYANE, M.D., TIMOTHY CANTY, M.D.,
JAMES A. GRIFFIN, P.A.

                                                 Defendants.
------------------------------------------------------------------X

# DEFENDANTS WOODSIDE CHEMISTS, INC. AND RONIKA SONI'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

**HARFENIST KRAUT & PERLSTEIN LLP**

Attorneys for Defendants Woodside Chemists, Inc. and Ronika Soni
3000 Marcus Avenue, 2E1
Lake Success, New York 11042
P. (516) 355-9600
F. (516) 355-9601

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT ..............................................................................................1

POINT I.   THE COMPLAINT DOES NOT PROPERLY ALLEGE FRAUD ..........................2

   A.  The Complaint Does Not Properly Allege a Kickback Scheme ......................................... 3

   B.  The Complaint Does Not Specifically Allege a Lack of Medical Necessity
       Fraud Claim ..................................................................................................................... 6

   C.  The Compounding Fraud Claims Fail FRCP 9(b) ............................................................. 7

POINT II.  THE UNJUST ENRICHMENT CLAIM MUST BE DISMISSED ..........................9

POINT III. THE COURT SHOULD ABSTAIN FROM HEARING THE
             DECLARATORY JUDGMENT CLAIM ...............................................................10

CONCLUSION.........................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Rozenberg*
  771 F. Supp. 2d 254, 263–64 (E.D.N.Y. 2011) .......................................................................... 7
*Allstate Ins. Co. v. Elzanaty*
  929 F. Supp. 2d 199, 220 (E.D.N.Y. 2013) ............................................................................. 10
*Cadle Co. v. Bankers Fed. Sav. FSB*
  929 F. Supp. 636,638-639 (E.D.N.Y. 1996)............................................................................ 10
*Farberware, Inc. v. Groben*
  764 F. Supp. 296, 303 (S.D.N.Y. 1991) .................................................................................... 3
*GEICO v. Alrof, Inc.*
  2013 WL 9600668 (E.D.N.Y. July 19, 2013)........................................................................... 4
*Gov't Employees Ins. Co. v. MLS Med. Grp. LLC*
  2013 WL 6384652, at *10 (D.N.J. Dec. 6, 2013) ..................................................................... 3
*Hines v. Overstock.com, Inc.*
  2013 WL 4495667 (E.D.N.Y. Aug. 19, 2013).......................................................................... 9
*In re JP Morgan Chase Sec. Litig.*
  363 F. Supp. 2d 595 (S.D.N.Y. 2005)....................................................................................... 3
*In re Sanofi Sec. Litig.*
  155 F. Supp. 3d 386, 399 (S.D.N.Y. 2016)............................................................................... 3
*Innovative Custom Brands, Inc. v. Minor*
  2016 WL 308805, at *4 (S.D.N.Y. Jan. 25, 2016).................................................................... 9
*Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*
  879 F. Supp. 2d 243, 254 (E.D.N.Y. 2012) ............................................................................ 10
*Mason Tenders Dist. Council Pension Fund v. Messera*
  1996 WL 351250, at *8 (S.D.N.Y. June 26, 1996)................................................................... 5
*Maverick Fund, L.D.C. v. Comverse Tech., Inc.*
  801 F. Supp. 2d 41, 53 (E.D.N.Y. 2011) ............................................................................. 2, 3
*Panio v. Beverly Enterprises, Inc.*
  1990 WL 41767, at *4 (S.D.N.Y. Apr. 4, 1990)....................................................................... 5
*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs, P.C.*
  2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008) ....................................................................... 4, 7
*State Farm Mut. Auto. Ins. Co. v. Grafman*
  655 F. Supp. 2d 212 (E.D.N.Y. 2009) ...................................................................................... 4
*U.S. ex rel. Grenadyor v. Ukranian Vill. Pharmacy, Inc.*
  895 F. Supp. 2d 872 (N.D. Ill. 2012) ........................................................................................ 3
*U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*
  519 F. App'x 890,894 (5th Cir. 2013)....................................................................................... 3

**Statutes**

21 USC § 353(a) ............................................................................................................................. 8
NY EDUC L § 6530 ...................................................................................................................... 5
NY EDUC L § 6811 ...................................................................................................................... 5

**Rules**

FRCP 9......................................................................................................................... *passim*
FRCP 12........................................................................................................................................ 1

**PRELIMINARY STATEMENT**

Defendants Woodside Chemists, Inc. and Ronika Soni[1] submit this reply memorandum of law in support of their motion to dismiss the Complaint pursuant to FRCP 12(b)(6).

In moving to dismiss, the Pharmacy Defendants demonstrated that the Complaint failed to state any causes of action against them and specifically identified how the Complaint lacked the particulars of the alleged kickback scheme involving the Health Care Defendants. In so doing, the Pharmacy Defendants identified specific defects in the Complaint, including the failure to allege: (1) which of the Liberty Mutual companies was defrauded into paying for a pain cream; (2) any specific patient who was provided with a pain cream paid for by the Plaintiff companies; (3) any specific health care provider who prescribed a particular pain cream to a specific patient; (4) any individual patient's symptoms which purportedly could have been treated by a less expensive alternative treatment; (5) any payment purportedly made by Liberty Mutual for the pain cream; (6) any less expensive alternative treatment option for the patient; (7) any individual patient's symptoms which were not ameliorated by the pain cream, and (8) the date and amount of any kickback payment in exchange for the prescription.

Additionally, the Pharmacy Defendants demonstrated that the Pharmacy Defendants did not violate any statute by dispensing the creams and specifically cited to FDA law and the FDA's Guidance for Industry (2016 WL 7972537) which allows for anticipatory compounding.

In opposing the motion, the Plaintiffs cite to myriad decisions which they claim support their Complaint, however none of the decisions dealt with a fact pattern or substantive motion remotely similar to the case at bar. Additionally, Plaintiffs cite to various paragraphs of the Complaint which they assert demonstrate a cause of action, but none of these paragraphs address

---

[1] Woodside and Soni are also referred to collectively as "Pharmacy Defendants."

1

any of the defects identified in the motion. Furthermore, many of the paragraphs Plaintiffs cite to in their opposition brief do not contain the facts that Plaintiffs attribute to them.

Furthermore, although the Complaint repeats ad nauseum the allegation that the Pharmacy Defendants are allegedly engaging in "illegal bulk compounding", when faced with the language of the statute and the FDA guidance, the Plaintiffs essentially abandon this front and claim that the statute and guidance create a "contested issue of fact for trial."

As the Complaint alleges that Plaintiffs were billed $2,000-$6,000 for a single tube of cream (¶¶2,58 & 151) and seeks recovery of $20,500, the lawsuit is over no more than five or six tubes, yet Liberty Mutual refuses to provide the basic facts within its possession. Furthermore, as the FDA law allows for advanced compounding, then even if the facts alleged were true, Woodside's alleged bulk compounding would not constitute actionable fraud nor give rise to the pseudo claim of unjust enrichment. Finally, since the damages claims are defective, the Court should abstain from hearing the Declaratory Judgment claim.

## POINT I
## THE COMPLAINT DOES NOT PROPERLY ALLEGE FRAUD

In moving to dismiss the fraud claims, the Pharmacy Defendants identified the specific flaws in the Complaint, noting that the allegations of a kickback scheme were lacking in any specificity, the claims of statutory/FDA violations were contrary to the language of the statute and FDA guidance and that the claims of medical necessity based fraud lacked basic elements. In opposing the motion Plaintiffs make a half-hearted attempt to distinguish the case law demonstrating the defects in this claim and then rather than filing an amended complaint curing the defects, cite to non-existent words from the Complaint. As the Complaint fails to satisfy Rule 9(b)'s intentions and pleading requirements, it is urged that the Court dismiss the Complaint. *See generally Maverick Fund, L.D.C. v. Comverse Tech., Inc.*, 801 F. Supp. 2d 41, 53 (E.D.N.Y.

2

2011)("Rule 9(b) is intended to serve several purposes: to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, to protect a defendant against the institution of a strike suit, and to discourage the filing of complaints as a pretext for discovery of unknown wrongs").

**A. The Complaint Does Not Properly Allege a Kickback Scheme**

The first argument made in support of the motion was that the Complaint was bereft of detail of the alleged kickback scheme, notwithstanding the caselaw which requires specificity. The brief cited to various cases from within the Circuit and outside of New York, including *Gov't Employees Ins. Co. v. MLS Med. Grp. LLC*, 2013 WL 6384652, at *10 (D.N.J. Dec. 6, 2013); *In re Sanofi Sec. Litig.*, 155 F. Supp. 3d 386, 399 (S.D.N.Y. 2016); *Farberware, Inc. v. Groben*, 764 F. Supp. 296, 303 (S.D.N.Y. 1991); *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595 (S.D.N.Y. 2005); *U.S. ex rel. Grenadyor v. Ukranian Vill. Pharmacy, Inc.*, 895 F. Supp. 2d 872 (N.D. Ill. 2012) and *U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890,894 (5th Cir. 2013).

Rather than address these cases, Plaintiffs cite cases which are off topic, stating:

> This Court repeatedly has held that similar allegations – that a group of defendants knowingly misrepresented that they were eligible to collect No-Fault benefits, when in fact they were not, because they were illegally incorporated, provided medically unnecessary services, or paid kickbacks – are sufficient for purposes of Rule 9(b).

(Brief at p.10).

Not surprisingly, the cases cited by Plaintiffs do not support the Complaint as they largely dealt with allegations of violation of New York's bar against the corporate practice of medicine and the unsuccessful motions to dismiss raised pleading deficiencies under RICO and the No-Fault law's "30 Day Rule" and not the lack of facts as to the necessity of the treatment.

3

The cases cited by Plaintiffs involving fraud claims premised on kickbacks demonstrate the deficiencies in this Complaint. In *State Farm Mut. Auto. Ins. Co. v. Grafman*, 655 F. Supp. 2d 212 (E.D.N.Y. 2009), the court discusses a "pay to play" scheme in which:

> Plaintiff also alleges that, in furtherance of the scheme, Retailer defendants issued checks to Wholesaler defendants reflecting payment for Supplies at the inflated prices, and Retailer defendants then used those checks to demonstrate to State Farm the prices they purported to have paid for Supplies. However, Wholesalers would cash the checks from Retailer defendants and then pay secret kickbacks to the Retailers to offset the inflated charges. According to plaintiff, defendants engaged in a "pay to play" system under which Retailers would only use wholesalers that agreed to pay these "secret cash kickbacks." (Id. ¶¶ 16, 19.)

*Id*. at 218.

Similarly, *GEICO v. Alrof, Inc.*, 2013 WL 9600668 (E.D.N.Y. July 19, 2013), also involved detailed allegations of a kickback scheme in which:

> Wholesalers would provide the retailers with "fraudulently inflated wholesale invoices." (Id. at ¶ 43.) These invoices would both overstate the wholesale cost of the Medical Devices and offer only vague descriptions of the Medical Devices, omitting identifying features such as their "make and model." (Id.) When purchasing Medical Devices, retailers issued checks to wholesalers for the inflated invoice amounts and then submitted those checks to GEICO as proof of payment in support of the claims they submitted. (Id. at ¶ 44.) Wholesalers would cash the checks, return the majority of the amount to retailers, and retain a portion as a kickback. (Id.)

*Id*. at *2.

In *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs, P.C.*, 2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008) this Court ruled that the Complaint did not have to allege kickbacks with specificity, because (unlike this case) the kickback scheme was not the actionable fraud, stating:

> The Bronxborough Defendants are incorrect in asserting that State Farm must plead the facts underlying the conspiracy, such as the arrangement of kickback payments, with specificity pursuant to Rule 9(b). *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n .4 (2d Cir.1990) ("On its face, Rule 9(b) applies only to fraud or mistake, not to conspiracy. Hecht's pleading of a conspiracy, apart from the underlying acts of fraud, is properly measured under the more liberal pleading requirements of Rule 8(a)."). <u>As described above, Plaintiff has sufficiently pleaded the acts of mail fraud. The allegation of kickbacks concerns</u>

4

>       <u>the underlying motive of defendants to facilitate the fraudulent scheme, and motive need not be alleged with specificity.</u>

*Id*. at *14 (emphasis supplied).

The non No-Fault cases cited by Plaintiffs also had detailed allegations of kickback activity. *See generally Mason Tenders Dist. Council Pension Fund v. Messera*, 1996 WL 351250, at *8 (S.D.N.Y. June 26, 1996)(Finding a pay for play kickback where "the Pervale Defendants paid at least half a dozen kickbacks over a period of at least two years, according to the Complaint. The renovation project for which these sums were paid lasted over three years.") *See also Panio v. Beverly Enterprises, Inc.*, 1990 WL 41767, at *4 (S.D.N.Y. Apr. 4, 1990)(Permitting amendment of answer to allege counter-claim predicated on kickbacks, based on allegations that "Davis was employed by Diamond and that, in collaboration with ABC and the plaintiffs, he used Dr. Diamond's provider number to improperly prescribe durable medical supplies which ABC would supply and for which Davis would receive a 10% kickback").

Plaintiffs also argue in this section that the statutory framework prohibits "collusive arrangements between licensed physicians and pharmacies involving compounded or specially marked prescriptions, no doubt because of the concern with kickbacks" citing Education Law §6530(38) and 6811(7). (Brief at p.15). Plaintiffs have misstated the Education Law which bars "the compounding or dispensing of secret formula (coded) prescriptions" (§6811(7)) or "agreement with a pharmacy for the compounding and/or dispensing of coded or specially marked prescriptions" (§6530(38)). Leaving aside the misstatement of the statutes, Plaintiffs do not attempt to explain how the Woodside prescription was "coded" and the exhibits attached to the complaint are not "specially marked" in a way that the patient will misunderstand them.

In this case the Plaintiffs do not allege any specifics of the kickbacks in the Complaint, nor do they supplement with an affidavit or amended complaint. Instead, they repeatedly make

5

the naked allegation that the prescriptions were provided in exchange for a kickback. This is simply insufficient under FRCP 9(b) and as such the claim should be dismissed.

**B. The Complaint Does Not Specifically Allege a Lack of Medical Necessity Fraud Claim**

The alternate fraud advanced in the Complaint is that the Pharmacy Defendants allegedly provided the "fraudulent pain creams" based on prescriptions solicited by Woodside "without regard for the topical efficacy of the compounded pain creams or the availability of a wide range of commercially available, FDA approved medications proven to have therapeutic effects, which are available at a fraction of the cost." In response to the motion to dismiss, the Plaintiffs assert in the brief that the Complaint contains certain factual allegations which cannot be found in any paragraph and that caselaw which dealt with ancillary issues such as failure to meet RICO's pleading requirements and New York's 30 Day Rule, stand for the proposition that generic pleadings such as the case at bar are sufficient. As neither are the case, it is respectfully submitted that this claim should be dismissed as well.

In opposing the motion to dismiss, Plaintiffs supply an alphabetical list on pages 11-12 of the Brief which allegedly cites to details from the Complaint. Leaving aside the paragraphs alleging conduct attributable to solely the Health Care Defendants (which are irrelevant to pleading defects as to allegations against the Pharmacy Defendants) the list cannot support claims against the Pharmacy Defendants since the facts are either not in the complaint or do not show fraud. These include: paragraph a, which cites to twenty-four (24) paragraphs of the Complaint (¶¶103-126) which allegedly support the one sentence assertion that the creams were created despite knowledge that they were ineffective. In so doing, Plaintiff ignore that ¶¶106-107 of the Complaint allege that these creams should be prescribed (albeit as an alleged last resort) and that there are purportedly "less effective" as opposed to not effective.

6

Similarly, paragraphs b & c allege that the Pharmacy Defendants market the creams and supply stamps allowing the Health Care Defendants to prescribe "a set list" of ingredients. However given that the Complaint alleges that "among others" there were at least four different formulations of the creams (Complaint at ¶74) containing markedly different chemicals, this is hardly proof of fraud.

Although Plaintiffs cite to *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs, P.C.*, 2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008) as alleged support for a finding that they have allegedly pleaded medical necessity fraud with specificity, they omit the fact that the defendants in *CPT* moved to dismiss in *CPT* under the McCarran–Ferguson Act, New York's 30 Day Rule as a bar to recovery and failure to plead RICO with specificity, not that the medical necessity fraud claims were pleaded without specificity. *Id*. at *6-17. Similarly, *Allstate Ins. Co. v. Rozenberg*, 771 F. Supp. 2d 254, 263–64 (E.D.N.Y. 2011) actually discussed whether that complaint had properly alleged mail fraud, explaining that:

> With respect to the causes of action premised on fraudulent billing, when there are multiple defendants, Rule 9(b) requires that a plaintiff allege facts specifying each defendant's contribution to the fraud. However, in the context of a RICO action, the complaint "need not be specific as to each allegation of mail or wire fraud when the nature of the RICO scheme is sufficiently pleaded so as to give notice to the defendants." Accordingly, the Plaintiffs were not required to particularize which of the reimbursed invoices contained fraudulent information.

*Id*. at 263-264 (internal citations omitted).

**C. The Compounding Fraud Claims Fail FRCP 9(b)**

An additional basis for the motion to dismiss was the Complaint's failure to allege a cognizable theory of "compounding fraud" as that term has been invented by Plaintiffs. In moving to dismiss, the Pharmacy Defendants were unable to challenge the blatantly false allegations such as Woodside not being a neighborhood pharmacy or only existing to provide bulk pain creams when the store truly is a full-service pharmacy located on Woodside Avenue in

7

Queens. However, the motion did identify the defects in Plaintiffs' reading of 21 USC § 353a in the Complaint and highlighted that under 21 USC §353a(a)(2), a medicine may be compounded by a licensed pharmacist or licensed physician in limited quantities before the receipt of a valid prescription order for such individual patient, when there is an established relationship between the licensed pharmacist and the physician or other licensed practitioner who will write such prescription order. 21 USC §353a(a)(2)(A).

Additionally, Woodside cited to the FDA "Prescription Requirement Under Section 503A of the Federal Food, Drug, and Cosmetic Act Guidance for Industry" 2016 WL 7972537 (F.D.A) in which the FDA explicitly allowed for anticipatory compounding, if:

> • The compounding is based on a history of the licensed pharmacist or licensed physician receiving valid prescription orders for the compounding of the human drug product;
> • The orders have been generated solely within an established relationship between the licensed pharmacist or licensed physician and either such patient for whom the prescription order will be provided or the physician or other licensed practitioner who will write such prescription order.

*Id*. at pp.5-6.

In opposing the motion, Plaintiffs argue that Woodside has "placed the cart before the horse" as Plaintiffs read 21 USC §353a as requiring all compounding to be done "for the identified patient." (Brief at p.18). However, Plaintiffs ignore the plain language of 21 USC §353a(a)(2)(A) and the FDA guidance cited above which clearly allow for anticipatory compounding based on the relationship between the pharmacy and the prescribing physicians.

Furthermore, Woodside cited to specific illustrations within the FDA guidance which would exceed the number of creams which Liberty Mutual alleges that the Pharmacy Defendants have produced as the illustrations permitted the advanced or anticipatory compounding of up to 750 doses (Woodside Brief at pp.14-15). In opposing the motion, the Plaintiffs conspicuously avoid discussing any of the FDA illustrations and refer back to vague allegations in the

Complaint that compounding is illegal because it is done in bulk (Brief at p.19-citing to Complaint at ¶80,97). However, at no point does the Complaint define the term "bulk" or specifically allege a number of creams which were "illegally compounded."

As Plaintiff's claims regarding the propriety of Woodside's compounding are in direct contradiction of the statutory scheme they cannot satisfy the requirement of fraud. Furthermore, where the alleged activities are at least arguably permissible under the statute they cannot support a fraud claim. Accordingly, this claim must be dismissed.

## POINT II
## THE UNJUST ENRICHMENT CLAIM MUST BE DISMISSED

In moving to dismiss the unjust enrichment claim, the Pharmacy Defendants argued that the claim was a "throw in" as it was inartfully pleaded and contained all of six paragraphs, most of which reiterate allegations contained in the prior forty-three pages of the Complaint. Furthermore, the motion noted that the Complaint alleged at ¶189 that the basis for seeking equitable was that Woodside "voluntarily accepted and profited from, as a result of, among other things, the payments received and the receipt of kickback payments, notwithstanding their improper, unlawful, and unjust fraudulent billing scheme." Since this theory is essentially a fraud claim, Woodside sought dismissal. *See generally Innovative Custom Brands, Inc. v. Minor*, 2016 WL 308805, at *4 (S.D.N.Y. Jan. 25, 2016) ("If an unjust enrichment claim is "premised on fraudulent conduct," it is subject to Rule 9(b)'s particularity requirement").

In opposing the motion, Plaintiffs do not distinguish or even discuss the case law which require "unjust enrichment" claims premised on fraud to meet the 9b threshold. Instead, Plaintiffs merely reiterate the same defective fraud allegations discussed above. This is simply inappropriate when attempting to plead or demonstrate an unjust enrichment claim. *See generally Hines v. Overstock.com, Inc.*, 2013 WL 4495667 (E.D.N.Y. Aug. 19, 2013)("According to the

9

New York Court of Appeals, 'unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort…").

## POINT III
## THE COURT SHOULD ABSTAIN FROM HEARING
## THE DECLARATORY JUDGMENT CLAIM

In addition to moving to dismiss the deficient damages claims, the motion also requested that the Court abstain from hearing the declaratory judgment claim under the *Wilton/Brillhart* abstention, due to the many pending arbitration and litigation matters. In so doing, the brief cited to this Court's opinion in *Cadle Co. v. Bankers Fed. Sav. FSB*, 929 F. Supp. 636,638-639 (E.D.N.Y. 1996)("in suits brought under the Declaratory Judgment Act, 'considerations of practicality and wise judicial administration' take precedence over the otherwise prevailing doctrine that federal courts should adjudicate claims within their jurisdiction").

In opposing the motion, Plaintiffs cite to decisions in which the trial court denied a motion to dismiss the substantive claims and then stayed arbitrations to prevent an inconsistent result. *See generally Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*, 879 F. Supp. 2d 243, 254 (E.D.N.Y. 2012)(Wherein the complaint did "not allege that the defendants failed to provide radiology services to their insureds, or that these services were not medically necessary. Rather, they claim that Excel is not owned and operated by physicians"). Similarly, in *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 220 (E.D.N.Y. 2013) the court had denied a motion to dismiss fraud claims premised on the corporate practice of medicine and then granted a motion to stay arbitration as "under the complicated procedural facts of this case, it cannot be said that the drafters of § 5106(b) intended or that the notions underlying the FAA permit the haphazard and contradictory concurrent flow of litigation and arbitration that appears here."

These cases could not be any more inapposite, as there are no allegations of violations of the corporate practice of medicine, nor is the Court considering a motion to stay arbitrations. Instead, Woodside is simply asking that should the Court grant the dismissal of the deficient fraud and unjust enrichment claims, it is respectfully submitted that the Court should abstain from hearing the declaratory judgment cause of action.

## CONCLUSION

Considering the foregoing, Defendants' motion should be granted in its entirety.

Dated: Lake Success, New York
    March 23, 2018

>    Respectfully submitted,
>    HARFENIST KRAUT & PERLSTEIN, LLP
>    *Attorneys for Defendants*
>    3000 Marcus Avenue
>    Lake Success, New York 11042
>    (516) 355-9600
>    By: *Steven J. Harfenist*
>       Steven J. Harfenist
>       Neil Torczyner